ALFRED W. BOEHME, PLAINTIFF IN ERROR, v. THE OMAHA HOTEL COMPANY, DEFENDANT IN ERROR.

1. **Pleading:** CONTRACT: AVERMENTS OF PETITION. In actions on contract, the plaintiff must aver performance of the conditions precedent to be performed on his part to constitute a cause of action against the defendant; unless the necessary averments are made which will take the case out of the general rule, and fix the defendant's liability without such performance.

2. **Contract:** CONDITIONS PRECEDENT: WAIVER. If waiver of the condition precedent by defendant is pleaded, then the question whether the defendant has or has not waived his legal rights, and by his own acts become estopped from denying his liability under the contract, is a question of fact, which is alone within the province of the jury to determine upon the testimony in the case, under proper instructions by the court, defining what constitutes such waiver.

ERROR to the district court for Douglas county.

*Estabrook*, *Wakeley*, and *Ambrose*, for plaintiff in error.

*J. M. Woolworth,* for defendant in error.

GANTT, J.

The defendant in error claims to be a corporation under the provisions of the general incorporation laws of the state, and brought this action to recover assessments, alleged to have been levied on the shares of stock subscribed by plaintiff in error to the capital stock of the company. The articles of incorporation definitely fix the amount of the capital at two hundred thousand dollars, divided into shares of one hundred dollars each. The third paragraph of the petition states, as matter of fact, that the " total amount subscribed to said capital was, on said day, (about February 1, 1870,) $125,500, and ground, on which to erect said hotel, was, on or about the 15th day of May, 1870, donated to said company, and the same was of the value of $50,000, and became part of its capital."

Now, suppose the ground, which is alleged to have been donated to the company, be considered as part of the capital of the company, still, as shown by the petition, there is a large deficiency in the capital required; and, therefore, there is a non-compliance of the condition precedent contained in the charter, on the part of the defendant, and no reason is given for this non-performance; and no fact is averred to fix the liability of the plaintiff to pay the assessments, without all the capital required by the charter being first subscribed.

It is a settled rule of pleading, that the petition must state all the facts necessary to show a cause of action against the plaintiff; and, to do so, it is necessary to aver in the petition a performance of the condition precedent, or, in other words, that the capital stock required by the contract was all subscribed; or, if such full performance cannot be averred, then, the petition must contain all the

necessary averments which will take the case out of the general rule of pleading, and fix the plaintiff's liability to pay the assessments, without a full subscription of the capital required by the charter. It seems clear, that one or the other of these averments, must be made in the petition to show a cause of action against the plaintiff in error; but neither the one or the other is alleged, and hence, as the pleading now stands, it seems to be fatally defective in this regard. See *Estabrook v. The Omaha Hotel Company*, decided at this term of court.

But assuming that the petition sufficiently states a cause of action against the plaintiff in error, the question is, has he waived his legal rights under the contract. It is contended that by his own acts, in participating in the affairs of the company, he has waived his legal rights in this respect; and that he is therefore, estopped from denying his liability to pay the assessments. The question is one of fact, which the jury alone must determine upon the testimony in the case, under proper instructions of the court, defining what constitutes such waiver. But on the trial of this cause in the court below, the plaintiff in error requested the court to instruct the jury, " that if they believed, from the evidence, that, at the time this suit was brought, the full amount of $200,000, had not been subscribed, their finding must be for the defendant, unless they also find that the defendant waived his rights to insist upon such subscription." This instruction was refused by the court, to which ruling the plaintiff in error, at the time, excepted. This instruction should have been given; for it is a clear principle of law, that the question of fact, whether the plaintiff had or had not, by his own acts, waived his legal rights under the contract, should have been submitted to the determination of the jury upon the testimony in the case, under proper instructions of the court. By refusing to give the

instruction, this question of fact was taken from the jury; and this is error.

The judgment of the court below must be reversed, and the cause be remanded for further proceedings, with leave to amend petition.

JUDGMENT REVERSED.